IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Forbidden Root LLC, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) JURY DEMANDED |
| Tangled Roots Beverage Company LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Forbidden Root LLC ("Forbidden Root"), for its Complaint against Defendant Tangled Roots Beverage Company LLC ("Tangled Root"), states as follows:

## THE PARTIES

1. Forbidden Root is a limited liability company organized and existing under the laws of the State of Maryland, registered to do business in the State of Illinois, having a place of business at 444 North Michigan Avenue, Chicago, Illinois 60611.

2. Upon information and belief, Tangled Root is a limited liability company organized and existing under the laws of the State of Delaware, registered to do business in the State of Illinois, having a place of business at 315 Fifth Street, Peru, Illinois 61354.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, as it involves claims arising under the Lanham

Act, 15 U.S.C. § 1051 *et seq.,* together with other related claims under state law. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b), since those claims are joined with substantial and related claims under federal law.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein have occurred, and continue to occur, in this judicial district. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) as these causes of action, based upon information and belief, arise as a result of Tangled Root doing and transacting business within this district, by unlawfully offering to sell and/or making its products and services available within this district, by unlawfully promoting an infringing designation to prospective purchasers within this district, and/or by unlawfully marketing its products and services to prospective purchasers within this district.

5. This Court has personal jurisdiction over Tangled Root, which is located in, and conducts business within, the State of Illinois and within this judicial district.

## NATURE OF ACTION

6. This is an action against Tangled Root for the infringement of a federally registered trademark, and of a common law trademark in violation of 15 U.S.C. § 1114(1); for unfair competition arising out of the use of false designations of origin and false and misleading descriptions and representations in violation of 15 U.S.C. § 1125(a); for statutory deceptive trade practices in violation of 815 ILCS 510/1 *et seq.*; for

deceptive business practices in violation of 815 ILCS 505/1; and for unfair competition and trademark infringement in violation of the common law of the State of Illinois.

## FACTS

7. Robert Finkel adopted the name and mark FORBIDDEN ROOT in 2012 for a line of craft beers. The rights to the name and mark were assigned to Forbidden Root LLC in 2015. Forbidden Root is a brewer of various varieties of craft beer. For over 3 years, Forbidden Root, or its predecessor in interest, has been brewing and selling craft beers in Illinois. More recently, it began shipment of several of its beers in interstate commerce.

8. In addition to the word mark FORBIDDEN ROOT, Forbidden Root adopted and began using in commerce an inherently distinctive logo consisting of a root design combined with the FORBIDDEN ROOT name and mark ("FORBIDDEN ROOT Logo"):



9. Forbidden Root has invested substantial time and effort and expense in advertising and promoting its various beers under the FORBIDDEN ROOT word mark and the FORBIDDEN ROOT Logo ("Forbidden Root Marks") in Illinois and throughout

the United States. The Forbidden Root Marks comprise an extremely valuable asset belonging solely and exclusively to Forbidden Root.

10. Forbidden Root's consistent and continuous use of the Forbidden Root Marks has led Forbidden Root to acquire substantial distinctiveness and goodwill in the marketplace. As a result, Forbidden Root enjoys the exclusive right to use the Forbidden Root Marks in the United States in connection with the goods sold by Forbidden Root.

11. Forbidden Root has obtained a federal trademark registration covering the FORBIDDEN ROOT word mark. Specifically, Forbidden Root owns the following federal trademark registration:

| Trademark | Registration No. | Covered Goods |
| --- | --- | --- |
| FORBIDDEN ROOT | 4,795,539 (Registered on August 18, 2015) | IC 032: Alcoholic beverages, namely flavored beer |

A copy of the certificate of registration for this mark issued by the United States Patent and Trademark Office is attached as **Exhibit A**.

12. In addition to the goods recited in the U.S. registration noted above, Forbidden Root filed intent to use applications on May 4, 2015 described below.

| Trademark | Serial No. | Covered Goods and Services |
| --- | --- | --- |
| FORBIDDEN ROOT | 86/618514 (Filed on May 4, 2015) | IC 032: Beer, ale, lager, stout, porter, shandy<br><br>IC 033: Alcoholic bitters<br><br>IC 043: Bar and restaurant services; |

| | | Pubs; Taproom services featuring craft beers and beer brewed on the premises |
|---|---|---|
| FORBIDDEN ROOT (logo) | 86618523 (Filed on May 4, 2015) | IC 032: Beer, ale, lager, stout, porter, shandy<br><br>IC 033: Alcoholic bitters<br><br>IC 043: Bar and restaurant services; Pubs; Taproom services featuring craft beers and beer brewed on the premises |

13. Upon information and belief, Tangled Root has been in operation since 2015, and began selling beer in May 2015.

14. Upon information and belief, sometime in 2015, Tangled Root adopted and began using the below logo in association with its beers and related goods and services (the "Tangled Root Design Logo"):



15. On August 12, 2014, Tangled Root filed U.S. Trademark Application Serial No. 86/363680 for the word mark, TANGLED ROOTS BREWING COMPANY, based on an intent to use the mark in association with the following in goods and services:

> Beer; Malt liquor; Non-alcoholic beverages, namely, carbonated beverages; Alcoholic beverages except beers; Spirits and liqueurs; Wines; Beer making and brewing services; Spirits distillery services

16. Tangled Root's goods and services used in association with the TANGLED ROOTS BEVERAGE COMPANY and TANGLED ROOTS BREWING COMPANY word marks and the Tangled Root Design Logo ("Infringing Root Marks") are closely related to, if not identical to, the goods offered by Forbidden Root in association with the Forbidden Root Marks.

17. As shown below, the Infringing Root Marks are highly similar in overall visual appearance and commercial impression. Specifically, both contain a prominent root design and each use the word ROOT as a dominant portion of the their trade names.




18. Upon information and belief, Tangled Root has been aware, since prior to the acts complained of herein, of the significant goodwill represented and symbolized by the Forbidden Root Marks and of the public recognition and reliance upon these marks as identifying the goods of Forbidden Root, and as distinguishing Forbidden Root's goods from those of others.

19. Notwithstanding such knowledge, upon information and belief, Tangled Root has intentionally and/or recklessly encroached upon the Forbidden Root Marks by

adopting the Infringing Root Marks and by offering for sale and selling beer under the Infringing Root Marks, all with the intent to trade upon the goodwill associated with the Forbidden Root Marks and confuse and mislead the public into believing that Tangled Root's beer products and services originate or emanate from or are affiliated with Forbidden Root, and/or that they have been sponsored or approved by Forbidden Root.

20. On information and belief, Tangled Root's use of the Infringing Root Marks is likely to create confusion in the marketplace among purchasers and prospective purchasers of Forbidden Root's goods.

21. Forbidden Root has been damaged and is likely to be further damaged by Tangled Root's wrongful use of the Infringing Root Marks in that the relevant purchasing public has been and is likely to continue to be induced into purchasing Tangled Root's beer, and in the erroneous belief that they originate or emanate from or are somehow endorsed, sponsored, or approved by Forbidden Root, which they are not.

## CLAIMS FOR RELIEF

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114(1))

22. Forbidden Root repeats and re-alleges paragraphs 1 through 21 above as if fully set forth herein.

23. Forbidden Root's federally registered FORBIDDEN ROOT Word Mark is inherently distinctive, and has continued to acquire substantial distinctiveness and goodwill in the marketplace through Forbidden Root's use of that mark both in interstate and intrastate commerce. As a result of Forbidden Root's widespread and continuous

use of the Forbidden Root Marks and the Forbidden Root Marks becoming associated in the minds of the relevant purchasing public with Forbidden Root.

24. Tangled Root has used the Infringing Root Marks in association with beer and brewery services.

25. Tangled Root's use of the Infringing Root Marks has caused, and is likely to cause, confusion in the minds of the consuming public, leading the public to mistakenly believe that Tangled Root's beers emanate or originate from Forbidden Root and/or that Forbidden Root has approved, sponsored or otherwise associated itself with Tangled Root.

26. Upon information and belief, Tangled Root's adoption and use of the Infringing Root Marks has exploited, and is intended to exploit, the goodwill and reputation associated with the Forbidden Root Marks and to take competitive advantage of Forbidden Root without Tangled Root's own expenditure of resources, and thus constitutes willful infringement of the Forbidden Root's rights.

27. Forbidden Root has no control over the quality of any of the goods or services provided by Tangled Root in association with the Infringing Root Marks. Because of the likelihood of confusion as to the source of Tangled Root's beer and services, Forbidden Root's valuable goodwill in the Forbidden Root Marks are at the mercy of Tangled Root's unauthorized use of the confusingly similar names and marks.

28. Tangled Root's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to Forbidden Root.

29. Forbidden Root has no adequate remedy at law for the wrongful acts of Tangled Root.

30. As a result of Tangled Root's actions, Forbidden Root has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

31. Forbidden Root repeats and re-alleges paragraphs 1 through 30 above as if fully set forth herein.

32. The aforesaid acts of Tangled Root constitute the use in commerce of names, marks and designs, and of false designations of origin and false or misleading descriptions and representations associated with Forbidden Root's registered and/or common law trademarks or service marks, all in violation of 15 U.S.C. § 1125(a).

33. Tangled Root's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to Forbidden Root.

34. Forbidden Root has no adequate remedy at law for the wrongful acts of Tangled Root.

35. As a result of Tangled Root's actions, Forbidden Root has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT III

**DECEPTIVE TRADE PRACTICES**
**(815 ILCS 510/1 et. seq.)**

36. Forbidden Root repeats and re-alleges paragraphs 1 through 35 above as if fully set forth herein.

37. Tangled Root's use of the Infringing Root Marks in association with beers and related goods and services constitutes a deceptive trade practice in violation of 815 ILCS 510/2 *et seq.* in so far as it:

(a) passes off Tangled Root's beer and brewery services as those of Forbidden Root;

(b) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source, sponsorship, approval or certification of Tangled Root's goods and services; and/or

(c) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source of, affiliation, connection or association with, or certification of Tangled Root by Forbidden Root.

38. Tangled Root's acts constitute deceptive trade practices in that those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

39. Upon information and belief, Tangled Root has willfully engaged in the aforesaid deceptive trade practices.

40. Tangled Root's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to Forbidden Root.

41. Tangled Root's statutory violations and other wrongful acts have injured and will continue to injure Forbidden Root, by imparting a loss of customers, a dilution of goodwill, confusion and/or a likelihood of confusion among existing and potential customers, injury to Forbidden Root's reputation, and diminution in the value of the Forbidden Root Marks.

42. Tangled Root has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

43. Forbidden Root has no adequate remedy at law for the wrongful actions of Tangled Root.

44. As a result of Tangled Root's actions, Forbidden Root has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT IV

### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### (815 ILCS 505/1 et. seq.)

45. Forbidden Root repeats and re-alleges paragraphs 1 through 44 above as if fully set forth herein.

46. Tangled Root's use of the Infringing Root Marks in association with beer and related goods and services constitutes a deceptive business practice in violation of 815 ILCS 505/2 *et seq.* insofar as it:

(a) passes off Tangled Root's beers and tap services as those of Forbidden Root;

(b) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source, sponsorship, approval or certification of Tangled Root's goods and services; and/or

(c) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source of, affiliation, connection or association with, or certification of Tangled Root by Forbidden Root.

47. Tangled Root's wrongful acts stated above constitute deceptive business practices in in violation of 815 ILCS 505/2.

48. Upon information and belief, Tangled Root has willfully engaged in the aforesaid deceptive business practices.

49. Tangled Root's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to Forbidden Root.

50. Tangled Root's statutory violations and other wrongful acts have injured and continue to injure Forbidden Root, by imparting a loss of customers, a dilution of goodwill, confusion and/or a likelihood of confusion amongst existing and potential customers, injury to Forbidden Root's reputation, and diminution in the value of the Forbidden Root Marks.

51. Tangled Root has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

52. Forbidden Root has no adequate remedy at law for the wrongful actions of Tangled Root.

53. As a result of Tangled Root's actions, Forbidden Root has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

54. Forbidden Root repeats and re-alleges paragraphs 1 through 53 above as if fully set forth herein.

55. Tangled Root's use of the Infringing Root Marks is being done with the intent to palm off Tangled Root's beers and related services as originating or emanating from, or having the sponsorship, affiliation or approval of, Forbidden Root, in order to trade on the goodwill created by Forbidden Root in the Forbidden Root Marks.

56. Tangled Root's unauthorized use of the Infringing Root Marks constitutes the common law tort of unfair competition.

57. The aforesaid acts of Tangled Root constitute the provision and passing off of its beer products and brewery services as Forbidden Root's services, as well as the infringement, imitation, and misappropriation of the Forbidden Root Marks, together with unfair competition with Forbidden Root, all in violation of Forbidden Root's rights at common law.

58. Tangled Root's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause, great and irreparable injury to Forbidden Root.

59. Forbidden Root has no adequate remedy at law for the wrongful acts of Tangled Root.

60. Upon information and belief, Tangled Root's wrongful conduct is oppressive, fraudulent, malicious and willful, entitling Forbidden Root to an award of punitive damages and/or attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Forbidden Root prays for judgment against Tangled Root as follows:

1. That Tangled Root and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be both preliminarily and permanently enjoined from directly or indirectly:

    a. using the Infringing Root Marks or any reproduction, counterfeit, copy, or colorable imitation of same, in connection with the provision of beer and/or services;

    b. using the Infringing Root Marks in any manner likely to cause others to believe that Tangled Root's beers and related services are endorsed or sponsored by or affiliated with Forbidden Root; and

2. That Tangled Root, and any and all persons controlled by or acting in concert with Tangled Root, be required to deliver to Forbidden Root for destruction all materials that bear or depict the Infringing Root Marks or any other design or trademark that is confusingly similar to the Forbidden Root Marks, or that are otherwise in violation of this Court's order issued pursuant hereto.

3. That Tangled Root be required to account to Forbidden Root for Tangled Root's sales and profits from its provision of beer and related services under the

Infringing Root Marks and for such sum in addition thereto as the Court and/or jury shall find just.

4. That this case be found exceptional and that Forbidden Root be awarded its attorney's fees pursuant to 15 U.S.C. § 1117(a).

5. That Tangled Root be required to disgorge its profits and other ill-gotten gains resulting from its wrongful conduct.

6. That Forbidden Root recover all taxable costs of this action, including reasonable attorney's fees and both pre- and post-judgment interest.

7. That Forbidden Root be awarded punitive damages in view of Tangled Root's wanton and deliberate illegal acts committed with oppression, fraud, or malice.

8. That Forbidden Root be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Forbidden Root demands a jury trial on all issues triable by a jury.

Dated: August 28, 2015        Respectfully submitted,

/s/ Bryan P. Sugar
Bryan P. Sugar (ARDC No. 6276016)
Tom Lidbury
Lewis Brisbois Bisgaard & Smith LLP
Suite 300
550 West Adams Street
Chicago, Illinois 60661
(312) 345-1718
(312) 345-1778 (fax)

Attorney for Plaintiff Forbidden Root LLC.

4832-0884-8167.1          15